(60 Misc. Rep. 206.)

## STAPLETON NAT. BANK v. UNITED STATES FIDELITY & GUARANTY CO.

(Supreme Court, Special Term, Richmond County.   July, 1908.)

1. INSURANCE (§ 265*)—FIDELITY INSURANCE—APPLICATION WARRANTY.

   Where a surety company had given a bond insuring the fidelity of the employés of a bank, and at the end of the period for which the bond was originally given the cashier, on an application for renewal, stated that its books had been examined and found correct, such statement is not a warranty where it is not a part of the bond, nor referred to in it, nor required by its terms as condition of renewal.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 560; Dec. Dig. § 265.*]

2. PLEADING· (§ 8*)—CONCLUSIONS.

   In an action by a bank against a surety company to recover for losses sustained on a renewal bond, that the bank warranted a statement by its cashier at the time the bond was executed that its books were correct is an allegation of a conclusion, and not of fact.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 18; Dec. Dig. § 8.*]

3. INSURANCE (§ 256*)—FIDELITY INSURANCE—MISREPRESENTATION.

   Though a misrepresentation of a material fact will avoid a bond given to insure the fidelity of the employés of a bank, where the misrepresentation is made by an officer whose fidelity was insured and because of whose defalcation a claim is made, the rule is not applicable.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 540; Dec. Dig. § 256.*]

Action by the Stapleton National Bank against the United States Fidelity & Guaranty Company. Demurrer to answer sustained, with leave to amend.

Arthur O. Townsend, for plaintiff.
Leonidas Dennis, for defendant.

BLACKMAR, J. This is an action brought upon a bond insuring the fidelity of the employés of the plaintiff bank, whose names and positions were certified to the defendant in a schedule made pursuant to the terms of the bond. The bond was dated December 5, 1902, and ran for one year, and was renewable at its termination by agreement. In event of renewal, the obligation of the guaranty company was to be continuous, as if the bond had been originally written for a term including the period of renewal. Plaintiff's claim is for losses incurred by reason of the defalcation of its cashier during the term of the bond as extended by renewal. The answer contains allegations by way of an affirmative defense, to the effect that the term of the bond was renewed or extended in reliance upon a statement made by the bank, through the defaulting cashier, that the books had been regularly examined and found to be correct, and that all moneys handled by its employés had been accounted for, and also an allegation that such statement was false. The plaintiff has demurred to the sufficiency in law of this affirmative defense.

It is claimed that the statement was a warranty, and, being false, avoids the policy. On demurrer, every allegation of fact in the plead-

ing demurred to is admitted. The answer alleges that the statement "warranted" the facts therein contained. This, however, is an allegation of the legal effect of the statement. Whether or not it was a warranty must be determined by the conceded facts. The answer alleges that:

"In and by the terms of the bond referred to in paragraph marked or numbered second of this answer, it was expressly covenanted and agreed that, if any statement made in the schedule furnished by the employer to the defendant and referred to therein should be untrue, the bond should be void as to the employé to whom such statement referred."

There is nothing to show that the statement in writing referred to in paragraph seventh of the answer is the "schedule furnished by the employer to the defendant." On referring to the terms of the bond, it becomes apparent that the alleged false statement is not a warranty. It is not part of the bond, and is not referred to in the bond. Nor is any such statement required by the terms of the bond as a condition to a renewal. The statement, the falsity of which is relied on to avoid the renewal of the bond, is not a warranty, but at most a representation dehors the written contract. The allegations of the answer are not sufficient to state a cause of action in equity to set aside the contract as induced by fraud, or, in other words, to constitute an equitable defense. The question, therefore, before the court is whether the falsity of a statement, material to the risk, dehors the contract, made under the conditions stated in the answer, is a defense to a contract of the nature of the one set forth in the complaint.

In Evans v. Columbia Fire Insurance Co., 40 Misc. Rep. 316, 81 N. Y. Supp. 933, the rule is laid down that a misrepresentation of a material fact, made to induce the insurance company to accept the risk, avoids the policy, although not a warranty and not fraudulent Accepting this as the law of the state of New York, it seems to follow that a material false representation, made by the obligee to induce a guaranty company to issue or renew its bond, is a defense to an action on the bond. This rule of law is peculiar to insurance contracts; and, although contracts of the nature of that alleged in the complaint partake of the character both of insurance and surety contracts, yet I can think of no valid reason why this rule is not as applicable to this class of insurance as to fire, marine, life, or health insurance.

In one respect, however, these contracts preserve their character as contracts of suretyship. There is a principal debtor and a surety. The principal debtor is the defaulting employé. The schedule furnished by the employer notifies the surety company as to who are or may become principal debtors. Now, the rule is well established that the misrepresentations, or even fraud, of the principal, not known to or participated in by the obligee, will not relieve the surety from his obligation. Brant Suret. & Guar. (3d Ed.) § 456; Baylies Suret. & Guar. 214; Western New York Life Ins. Co. v. Clinton, 66 N. Y. 326; Powers v. Clarke, 127 N. Y. 417, 28 N. E. 402. Therefore it appears to me that there should be a modification of the general rule that a misrepresentation of a material fact by the obligee avoids the

bond, and that the rule should not apply where the misrepresentation is actually made by the principal debtor through his general authority as employé of the obligee. In the case at bar the representations were made by Gill, the cashier. Gill was, to the knowledge of the surety, one of the employés of the bank whose fidelity was insured. The representations were calculated to conceal any possible defalcations of his. This was obvious to the guaranty company. To permit the misrepresentations to avoid the bond would be to permit a dishonest act of an employé, whose honesty is insured, to constitute a defense to the bond. The rule laid down in the Evans Case is based upon an implied condition in insurance contracts that all material representations, if false, shall avoid the contract. It seems to me that this rule, as applied to contracts of this kind, should contain an exception as to representations made through the agency of the very employé whose fidelity is insured. The exception may well rest on those elements of the contract which approximate it to contracts of suretyship.

Demurrer sustained, with leave to defendant to amend the answer as to the affirmative defense, within 20 days, on payment of costs.

Demurrer sustained, with leave to amend within 20 days, on payment of costs.